IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Florencio Craig, | ) |
|               *Plaintiff,* | ) |
| -*vs*- | ) No. 23-cv- |
| Latoya Hughes, Acting Director of the Illinois Department of Corrections, | ) |
|               *Defendant.* | ) |

# COMPLAINT

Plaintiff Florencio Craig, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Florencio Craig is a resident of Chicago and a former detainee in the Illinois Department of Corrections assigned IDOC Number M25090.

3. Defendant Latoya Hughes is the Acting Director of the Illinois Department of Corrections. She has responsibilities for IDOC's policies and procedures and the administration of all correctional facilities in the State. This matter is brought against Director Hughes in her official capacity.

4. During all times relevant, the IDOC received federal financial assistance for programs, services, and activities.

5. Since 2005, plaintiff Craig has relied on a wheelchair to ambulate because of an injury to the T10 vertebra.

6. In March 2022, plaintiff Craig was sentenced to three years in the Illinois Department of Corrections under booking number M25090.

7. Plaintiff spent the first several weeks at the Northern Reception and Classification Center (the "NRC"). The NRC opened in 2004 and "functions as the major adult intake and processing unit for the entire state." According to the IDOC Annual Report for Fiscal Year 2020, NRC has "33 ADA cells."

8. The NRC conducts a comprehensive medical assessment of all newly admitted individuals. If the medical staff determines the individual requires a wheelchair to ambulate, an order will be entered allowing use of a wheelchair in the IDOC.

9. Each year more than 20 wheelchair-users are processed at NRC.

10. At all times relevant, the NRC was required to comply with the structural standards set by the Rehabilitation Act and the Americans with Disabilities Act (ADA). Both standards require an accessible shower to have a mounted seat.

11. Mounted shower seats, however, were not offered to plaintiff or similarly situated detainees. Instead, plaintiff was required to shower in a makeshift chair that was dangerous and unsafe.

12. Plaintiff fell and suffered physical injuries while showering because of the obvious barriers presented in the NRC shower room.

13. The inaccessible conditions deprived plaintiff the ability to shower on the same basis as non-disabled detainees at NRC.

14. After several weeks in NRC, plaintiff was transferred to the Pinckneyville Correctional Center. Pinckneyville opened in 1998 and, according to the IDOC website, has 65 beds designated for disabled individuals. The IDOC website also represents this facility "has living accommodations built to American Disabilities Act (ADA) specifications, meeting the needs of its disabled population."

15. Plaintiff and similarly situated detainees experience the same barriers showering at Pinckneyville; none of the showers have mounted benches as required by the Rehabilitation Act and ADA. Plaintiff was unable to shower on the same basis as non-disabled detainees because of the obvious structural barriers.

16. At all times relevant, the defendant has been deliberately indifferent to federally protected rights of plaintiff and similarly situated wheelchair-users.

17. Plaintiff seeks damages individually and for all others similarly situated and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for:

> a. All individuals assigned to the Northern Classification and Reception Center from May 12, 2021 to the date of entry of judgment who were prescribed a wheelchair by a prison medical provider; and

      b. All individuals assigned to Pinckneyville Correctional Center from May 12, 2021 to the date of entry of judgment who were prescribed a wheelchair by a prison medical provider.

18. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that the Court certify this case under Rule 23(b)(3) of the Federal Rules of Civil Procedure, that the Court award appropriate compensatory damages to plaintiff and a class of similarly situated individuals, and that the Court award reasonable attorney's fees and costs. In the event the plaintiff and/or the plaintiff class is unable to establish compensatory damages, the plaintiff and the plaintiff class request an award of nominal damages.

/s/ <u>Patrick W. Morrissey</u>
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7901
pwm@morrisseylawchicago.com
*Attorney for Plaintiff*