IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORENCIO CRAIG,<br><br>        Plaintiff,<br>v.<br><br>LATOYA HUGHES,<br><br>        Defendant. | Case No. 23 C 2993<br><br>Honorable Sunil R. Harjani |

### ORDER

      Before the Court is Plaintiff's Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23. Plaintiff's Complaint alleges that Defendant failed to comply with the Americans with Disabilities Act (ADA) and the Rehabilitation Act because two of Defendant's facilities, Northern Reception and Classification Center (NRC) and Pinckneyville Correctional Center, lacked accessible bathroom facilities. Plaintiff seeks class certification for the following two classes: (1) all individuals assigned to NRC from May 12, 2021 to the date of entry of judgment who were prescribed a wheelchair by a prison medical provider; and (2) all individuals assigned to Pinckneyville from May 12, 2021 to the date of entry of judgment who were prescribed a wheelchair by a prison medical provider. Defendant challenges the class certification motion by arguing that: (1) the proposed class is not ascertainable and sweeps in uninjured parties; (2) Plaintiff cannot satisfy Rule 23(a)'s numerosity, commonality, typicality, and adequate representation requirements; and (3) Plaintiff has not shown that common issues predominate or a class action is the superior method under Rule 23(b)(3). For the reasons stated below, the motion for class certification [10] is granted.

### Discussion

      Rule 23 governs the certification of class actions. A proposed class must first meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation. Fed. R. Civ. P. 23(a). In addition, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements, but… [i]t is sufficient if each disputed requirement has been proven by preponderance of evidence." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (cleaned up). The court must engage in a "rigorous analysis ... [into whether] ... the prerequisites of Rule 23(a) have been satisfied," and "[f]requently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351 (cleaned up). But district courts should not "turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner*, 669 F.3d at 811. If certified, the certification order must "define the class and the class claims, issues, or defenses, and must appoint class counsel." Fed. R. Civ. P. 23(c)(1)(b).

### Class Ascertainability

The Court must be certain that the class is ascertainable before proceeding to the Rule 23 factors. Seventh Circuit case law has noted that, while a class should not sweep in a great number of individuals who suffered no injury, district courts must balance this factor with the fact that it is often inevitable that a class will include persons not injured. *Lacy v. Cook Cnty., Illinois*, 897 F.3d 847, 864 (7th Cir. 2018). The Seventh Circuit has directly addressed the issue of whether a class of wheelchair detainees is ascertainable. *Id.* In *Lacy*, defendants challenged the district court's class certification of "[a]ll Cook County Jail detainees who have been assigned and currently use a wheelchair." *Id.* at 863. The Seventh Circuit held the class was ascertainable and was "confident that the balance tips in favor of certification" given the number of detainees assigned wheelchairs and that Defendant had not suggested how many could not be injured under the ADA. *Id.* at 864. Here, as in *Lacy*, Defendant posits that uninjured parties would be swept in but provides no evidence concerning how many wheelchair-bound individuals would not require ADA compliant showers. *Id.* Detainees require showers as part of regular hygiene and the class is well tailored to reach individuals who would have suffered the alleged deprivations.

### Rule 23(a) Requirements

As noted above, for a class to be certified Plaintiff must show numerosity, typicality, commonality, and adequacy of representation. Fed. R. Civ. P. 23(a). However, the Seventh Circuit noted these requirements do not include "surety of prevailing on the merits." *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020) (*Bennett I*).

A proposed class is sufficiently numerous when "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class can be certified "without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class suit." *Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020) (cleaned up). There is no magic number, but the Seventh Circuit has found a forty-member class sufficient to meet the numerosity requirement. *Id.* at 498. The parties agree that records from NRC demonstrate there have been approximately 130 wheelchair-users from May 2021 to January 2024. Doc. [57-1] at ¶ 4. The ADA Coordinator for Pinckneyville Correction Center also testified on May 14, 2024 that there are presently around 100 wheelchair-user at the facility. Doc. [80-3] at 47:9-49:1; 126:1-127:4. Given this evidence, the class is large enough that joinder is impracticable and the Court finds that the numerosity requirement is met.

To satisfy commonality, Plaintiffs must "assert a common injury that is 'capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Lacy*, 897 F.3d at 865 (*citing Wal-Mart*, 564 U.S. at 350). The issue is not that of common questions but the "capacity of class-wide proceedings to generate common *answers*." *Id.* Again, the Seventh Circuit's reasoning from *Lacy* is instructive and binding. Despite noting that "the reasonableness of a given accommodation will vary among individuals with differing disabilities," the Seventh Circuit held that "any dissimilarities among the proposed [wheelchair detainee] class members will not impede the generation of a common answers in this case." *Id.* As in *Lacy* "commonality abounds" in this case. *Id.* The proposed class "share[s] a common physical impairment, as they are all confined to

wheelchairs… they face common physical barriers when they confront… noncompliant bathroom facilities" and common answers are needed – whether the facilities were ADA compliant such that individuals can seek damages. *Id.* at 865-66.

Defendant's "challenge to the typicality requirement fails for largely the same reasons" the commonality requirement fails. *Lacy*, 897 F.3d at 866 (*citing Wal-Mart*, 564 U.S. at 349 n.4 ("commonality and typicality requirements… tend to merge.")). A claim is typical if it arises from the "same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Id.* (cleaned up). As in *Lacy*, the injurious conduct alleged, failure to provide ADA compliant showers, and the requested relief, monetary damages, is typical of the class at-large. Compl. [1] at ¶¶ 10-11, 15, 17.

Defendant attempts to defeat certification on commonality and typicality by noting that Plaintiff's status as a released individual exempts him from requirements of the Prisoner Litigation Reform Act (PLRA), which means he will not be representative of other incarcerated class members. The PLRA applies to individuals who file suit while confined in correctional facilities under any section of federal law, such as the ADA. 42 U.S.C. § 1997e. The statute requires that all individuals exhaust administrative remedies prior to filing suit and prove physical injury. 42 U.S.C. § 1997e(a) and (e). The Court finds the proposed classes can be certified even if some plaintiffs are subject to the PLRA, as the proposed classes still require common answers. The Seventh Circuit has noted in *Bennett II* that the purpose of class certification is to "resolve[] the *issue*, not the whole case." 53 F.4th 419, 420 (7th Cir. 2022) (per curiam). The Seventh Circuit reversed a decertification of a class under Rule 23(a) and (b)(3). The Seventh Circuit directly noted that Rule 23(c)(4) allows for class actions with respect to particular issues, as "[c]lass members [] receive the benefit of a declaratory judgment (if the class prevails) on the [certified] issue but would need to proceed in individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion." *Id.* The same reasoning applies here. By certifying the classes, the Court will be able to determine issues common to the class such as whether the showers at NRC and Pinckneyville were ADA compliant for the two classes of individuals. Compl. [1] at ¶¶ 10-11, 15, 17; *see, e.g. Lacy v. Dart*, 2015 WL 1995576, at *4 (N.D. Ill. Apr. 30, 2015). All individuals are confined to wheelchairs and would need access to mounted seats per ADA shower requirement. Compl. [1] at ¶¶ 10, 15. By certifying the proposed classes, the Court can resolve whether NRC and Pinckneyville complied with the structural standard required by the ADA. Doc. [20] at 5-6. After these issues are determined class-wide, "particular inmate's claim to other relief" can be determined by reviewing individual damages and defenses. *Bennett II*, 53 F.4th at 420; *see also Lacy*, 897 F.3d at 866 n.38 ("many courts have certified classes based on allegedly unreasonable accommodations"); *Phipps v. Sheriff of Cook Cnty.*, 249 F.R.D. 298, 300-02 (N.D. Ill. Mar. 26, 2008) (certifying class of former and current wheelchair bound inmates subject to discrimination in violation of the ADA and Rehabilitation Act under Rule 23(a) and (b)(3)).

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Here, Plaintiff is: (1) represented by class counsel who has been appointed to numerous similar cases in this district; (2)

3

has sufficient interest as a paraplegic wheelchair-bound man who was injured because of the lack of ADA compliant shower facilities at both locations; and (3) does not have any interests antagonistic to those of the proposed classes. *See e.g.*, *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. June 4, 2009).

### Rule 23(b)(3) Requirements

A court must certify a class under Rule 23(b)(3) when "questions of law or fact common to members of the class predominate over any questions affecting only individual members, and [] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This criterion is more demanding than the Rule 23(a) requirements. *Amchem*, 521 U.S. at 623-24.

Predominance requires that the legal or factual questions are sufficiently cohesive to warrant adjudication by representation. *Messner*, 669 F.3d at 814 (*citing Amchem*, 521 U.S. at 623). *Bennett II* instructs district courts to consider whether certification in ADA cases under Rule 23(b)(3) in conjunction with (c)(4) is appropriate to "resolve the *issue*, not the whole case." *Bennett II*, 53 F.4th at 420. While class members might have different damages, the main issues – whether: (1) the ADA standards apply to the showers at NRC and Pinckneyville; and (2) if the standards were violated due to lack of mounted seats at both facilities – can be resolved on a class-wide basis as they are relevant to every detainee in the proposed classes. *Id.*; *see also Walker v. Dart*, 20-cv-261, Doc. [159] at 3-4 (certifying class of wheelchair detainees who utilized the Cermak ramp under Rule 23(b)(3) and (c)(4) in light of *Bennett II*).

Finally, Rule 23(b)(3) allows class certification only where "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). Here, the merits of the proposed class turn on common questions and proceeding as a class "achieves economies of time, effort, and expense and promotes uniformity of decision." *Bennett v. Dart*, 2020 WL 1812376, at *3 (N.D. Ill. Apr. 9, 2020).

**Conclusion**

For the reasons stated above, Plaintiff's motion for class certification [10] is granted. The Court certifies the following two classes: "(1) all individuals assigned to NRC from May 12, 2021 to the date of entry of judgment who were prescribed a wheelchair by a prison medical provider; and (2) all individuals assigned to Pinckneyville from May 12, 2021 to the date of entry of judgment who were prescribed a wheelchair by a prison medical provider." Pursuant to Rule 23(c)(4) the Court certifies the issues: (1) whether the ADA standards apply to the showers at NRC and Pinckneyville; and (2) whether the standards were violated due to lack of mounted seats at both facilities.[1] The Court certifies a class representative: Florencio Craig, and class counsel: Thomas Gerard Morrissey and Patrick William Morrissey.

**SO ORDERED.**

Dated: June 20, 2024

                                                                                 Sunil R. Harjani
                                                                                 United States District Judge

---

[1] "District courts have wide latitude to redefine class definitions to resolve any ambiguity." *See Lacy*, 2015 WL 1995576, at *7 n.5 (*citing Metro. Area Hous. All. v. U.S. Dep't of Hous. and Urb. Dev.*, 69 F.R.D. 633, 638 n.7 (N.D. Ill. Jan. 29, 1976)).